UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMY EDWARD JACKSON,

                Plaintiff,

v.                                                   Case No. 19-cv-1668-pp

HONORABLE WILLIAM M. ATKINSON,
and BROWN COUNTY CIRCUIT COURT CLERK,

                Defendants.

**ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY COURT SHOULD NOT DISMISS THE CASE FOR FAILURE TO PAY THE INITIAL PARTIAL FILING FEE**

The plaintiff, a prisoner who is representing himself, filed this complaint on November 12, 2019, dkt. no. 1, along with a motion asking the court to allow him to proceed without prepaying the filing fee, dkt. no. 2. He submitted a trust account statement covering the period May 6, 2019 through November 5, 2019. Dkt. No. 3. On November 13, 2019, the court ordered that by December 4, 2019, the plaintiff had to submit $2.60 to the Clerk of Court as an initial partial filing fee. Dkt. No. 7.

The plaintiff has filed four cases in this district in the past three and a half months. He filed his first case on August 26, 2019, Jackson v. Kurkowski, et al., Case No. 19-cv-1235. In that case, he did not submit a trust account statement until October 7, 2019, and it covered the period from April 2, 2019 through October 2, 2019. Dkt. No. 6. The court ordered him to pay $3.19 as an initial partial filing fee. Dkt. No. 7. The plaintiff later wrote the court a letter

1

saying that he didn't receive funds from the state and that he'd submitted a form asking to pay the filing fee later. Id. at Dkt. No. 10.

On October 7, 2019, he filed Case No. 19-cv-1466, Jackson v. Chippewa Valley Correctional Treatment Center, *et al.*; the court assessed him the same $3.19 initial partial filing fee in that case, dkt. no. 5, and he paid $2.39 of it on October 28, 2019. Along with the $2.39, the plaintiff sent a letter, saying that he had sent all the funds in his account but that he wanted all of his cases to continue and to be allowed to pay over time. Dkt. No. 9. The court recently issued an order accepting the $2.39 partial payment, but dismissing that case because the court doesn't have jurisdiction to hear it. Id. at Dkt. No. 10.

On October 11, 2019, the plaintiff filed Jackson v. Robert E. Ellsworth Correctional Center, *et al.*, Case No. 19-cv-1497, in which the court assessed him a $3.19 initial partial filing fee. Dkt. No. 6. Finally, on November 12, 2019, the plaintiff filed this case.

The plaintiff may believe that every document he files shows up on the docket in each of his four cases. That is not correct. The plaintiff's letter in his first case—the letter in which he said he didn't receive state money—had Case No. 19-cv-1235 on it. So the clerk's office put that letter on the docket *for that case*. That letter is *not* on the docket in *this* case; the court became aware of it only because it was reviewing all the plaintiff's cases for the missing initial partial filing fees.

The plaintiff also may believe that he is required to pay only one initial partial filing fee regardless of how many cases he files. That is not correct,

2

either. The PLRA requires an inmate to pay the initial partial filing fee for *each case* he files; "[i]t is undisputed that the initial partial filing fee is to be assessed on a per-case basis, *i.e.*, each time the prisoner files a lawsuit." Bruce v. Samuels, ___ U.S. ___, 136 S. Ct. 627, 629 (2016). By filing four lawsuits in just over two months, the plaintiff made himself subject to a total initial partial filing fee of $12.17.

The trust account statement the plaintiff filed in this case (Case No. 19-cv-1668)—covering May 6, 2019 through November 5, 2019—showed a starting balance of $2.59 and an ending balance of $0.00. Dkt. No. 6. The plaintiff appears to have had job income here and there, although he also has many withdrawals for child support, DNA surcharges and deposits into his release account. He made occasional canteen purchases.

Before dismissing the case for failure to pay the initial fee, the court must determine whether the plaintiff is at fault for the non-payment. See Thomas v. Butts, 745 F.3d 309, 312-13 (7th Cir. 2014). A court may not dismiss the case of a prisoner who lacks funds in his account. Id. at 312; see also 28 U.S.C. §1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). "But if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." Thomas, 745 F.3d at 312 (citations and internal quotation omitted).

3

The plaintiff's trust account statement does not show that he intentionally depleted his account prior to filing this case. He does not appear to have received any job income, or made any purchases, in the month before he filed the case. The only deduction from his account during that time was the $2.39 check to this court on October 24, 2019, to pay part of the initial partial filing fee in Case No. 19-cv-1466. Maybe the plaintiff has enough funds in his *release* account to pay the $2.60 initial partial filing fee in this case, because the institution has been taking money out of the trust account and depositing it into the release account on a regular basis. Or maybe the plaintiff really does not have any money in either account.

The court will give the plaintiff the opportunity to either pay the $2.60 initial partial filing fee, ask for authorization to pay it out of his release account (if the plaintiff has enough in that account), or explain to the court why he cannot pay the $2.60 and ask the court to allow him to proceed without paying any of the initial partial filing fee. The plaintiff must do one of these three things—pay the $2.60, ask for permission to pay it from his release account or ask the court to waive the initial partial filing fee—by the deadline the court sets below. If the plaintiff doesn't do one of those things by the deadline, the court will dismiss this case for the plaintiff's failure to diligently pursue it.

The court **ORDERS** that, in time for the court to receive it by the end of the day on **January 10, 2020**, the plaintiff must either (a) pay the $2.60 initial partial filing fee, (b) file a written request for authorization to pay the $2.60 initial partial filing fee from his release account, or (c) explain to the court in

writing why he can't pay the $2.60 initial partial filing fee from either his trust account or his release account. The plaintiff must do one of these things in time for the court to receive it by the end of the day on January 10, 2020. If the court does not receive the $2.60 initial partial filing fee, the plaintiff's request to pay the fee out of his release account or the plaintiff's written explanation by the deadline, the court will dismiss the plaintiff's case for failure to diligently pursue it. Civil Local Rule 41(c) (E.D. Wis.).

The court will mail a copy of this order to the warden of the Chippewa Valley Correctional Treatment Facility.

Dated in Milwaukee, Wisconsin this 13th day of December, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**